## Atlas Engine Works *v.* Woolford, Appellant.

*Bill of exchange—Acceptance—Contract—Sale.*

A manufacturer agreed in writing to furnish defendant an engine and boiler at the latter's factory. By a second agreement the manufacturer agreed to furnish among other things a drip tank. The manufacturer subsequently drew a draft upon the defendant payable to the order of plaintiff, upon which defendant indorsed an acceptance. On the follow-

ing day the defendant wrote to the plaintiff that he accepted the draft when work at Darby is finished in a satisfactory manner as per agreement with the seller, mentioning the seller's name. The agreements did not provide that the seller should do anything on the ground, but all that was necessary was to be done by the defendant. The defendant claimed that the drip tank was shorter by a foot than the length mentioned in the agreement. It appeared, however, that he had accepted the tank, taken it from the station, used it two years, and never made any offer to return it. No evidence was offered as to the difference in value between the tank delivered, and the tank of the dimensions specified in the contract. The evidence as to whether the engine and boiler were complete or not was conflicting, and was submitted to the jury in an action upon the draft. *Held,* (1) that the condition attempted to be attached to the acceptance in the letter to the plaintiff was based upon a misconception of the contract; (2) and that a verdict and judgment for plaintiff should be sustained.

*Practice— C. P.— Trial—Evidence— Surrebuttal.*

Where plaintiff's witnesses have been discharged, and no notice of an offer in surrebuttal has been given plaintiff, the court is justified in refusing to receive testimony in surrebuttal.

Argued Dec. 11, 1902. Appeal, No. 133, Oct. T., 1902, by defendant, from judgment of C. P. No. 3, Phila. Co., Dec. T., 1899, No. 638, on verdict for plaintiff in case of Atlas Engine Works v. George Woolford. Before BEAVER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Assumpsit on a draft. Before FINLETTER, P. J.

Defendant offered these points:

1. If the jury find from the evidence that the work at Darby is not finished in a satisfactory manner as per agreement with Lovegrove & Company, the verdict should be for the defendant. *Answer :* Declined. [1]

2. The plaintiff having failed to show that the work at Darby has been finished by Lovegrove & Company, in accord with the agreement, there being no evidence that a drip tank of the dimensions specified in the agreement was ever delivered by Lovegrove & Company, the verdict must be for the defendant. *Answer :* Declined. [2]

3. The burden was upon the plaintiff to show that the condition in the conditional acceptance that the work should be finished in a satisfactory manner as per agreement with Lovegrove & Company was fullfiled and performed. *Answer :* Declined. [3]

Verdict and judgment for plaintiff for $546.58. Defendant appealed.

*Errors assigned* were (1–3) above instructions, quoting them; (6) in refusing to receive certain evidence in surrebuttal.

*Joseph W. Kenworthy*, for appellant.

*John Weaver*, with him *Frederick S. Drake*, for appellee.

OPINION BY BEAVER, J., April 20, 1903:

The defendant purchased from Messrs. Lovegrove & Company certain machinery, as offered in the following proposition: "May 15, 1899. Mr. George Woolford, Philadelphia, Pa. Dear Sir: We propose to furnish and deliver at your new factory one second-hand, left-hand Payne automatic engine, 60 to 80 horse power, of the following dimensions: diameter of cylinder, 11 inches; stroke, 12 inches; fly wheel, 5 feet by 12 inches; for the sum of $475, warranted as good as new for all practical purposes. It is complete with all fixtures; also the cast iron sub-base making the engine self-contained. We propose to furnish a 60 inch by 16 feet boiler, as per specifications made you, for the sum of $740, warranted to stand inspection for 100 pounds pressure. This is one of our regular high pressure boilers, catalogued 150 pounds; to have all fixtures as mentioned in our proposition; also the fire front to have doors for cleaning return flue. These prices are for immediate acceptance, or subject to sale or market changes. Yours truly, Lovegrove & Co."

Also in the following letter: "Philadelphia, Aug. 9, 1899. George Woolford, Esq., Philadelphia. Dear Sir: We propose to furnish and set on foundation which you are to prepare the Sturtevant steam hot blast apparatus with double heater, as examined by you; also furnish you all the blast pipe now in the building in Camden, connect the engine of the fan with boiler; also furnish and deliver at depot one exhaust drip tank, to be not less than 24 inches diameter and 5 feet long, for the sum of seven hundred dollars ($700). Yours truly, Lovegrove & Co.'" which were accepted by the defendant August 9, 1899.

Upon September 13, 1899, Messrs. Lovegrove & Company drew

their draft upon the defendant, payable to the order of the plaintiff, for $473.28, upon which the defendant indorsed: "Accepted September 13, 1899," and, upon the following day, wrote this letter: " Philadelphia, Sept. 14, 1899. Atlas Engine Works, 15 N. 7th St., Phila. Gentlemen: I hereby accept draft of Lovegrove & Co., to be paid when work at Darby is finished in a satisfactory manner, as per agreement with Lovegrove & Co. Amt. of draft $473.28. Yours truly, G. A. Woolford."

The draft having been accepted on the 13th, it might be questioned whether the condition in the letter of the 14th in any way changed the nature of the acceptance, but that question does not seem to be specifically raised in the record and need not be considered, particularly in view of the fact that the letter relates to the agreement with Lovegrove & Company.

The plaintiff, by his statement, bases his claim upon the draft of Lovegrove & Company upon the defendant and the latter's acceptance of the same ; but, inasmuch as the acceptance is based upon a fulfilment of the agreement with Lovegrove & Company, that agreement becomes the important element in the case and the defendant could not, by any self-serving declarations in his acceptance, change or modify his liability thereunder. The case seems to have been tried by both sides upon this theory and our review of it is largely governed by this dominating thought.

There seems to be but little controversy in regard to the contract of August 9, 1899, the only allegation in regard to it being that the drip tank contracted for therein was one foot shorter than described in the letter of that date which, with the acceptance of the defendant, constituted the contract. This drip tank was to be delivered at the depot. It seems to have been accepted and taken from the station by the defendant and used for two years. There was no return or offer to return the drip tank and, having accepted it and used it, the defendant is bound to pay for it. There does not seem to be evidence of any difference in value or, if any, of the amount thereof between the tank offered in the letter and the one actually furnished. There was nothing, therefore, before the jury upon which to base a reduction. This would seem to eliminate from the proposal of August 9 everything in dispute in regard to

what was proposed to be furnished therein, and we are left to consider the previous contract for which the draft seemed to have been drawn and which was evidently the subject of the conditional acceptance, as it is called, inasmuch as the condition relates only to payment to be made "when work at Darby is finished in a satisfactory manner, as per agreement with Lovegrove & Co." The tank in question was to be delivered at the depot and was not in any sense work to be finished at Darby.

The contract of May 15 related only to the furnishing of boiler, engine and the fixtures therewith connected and not to putting them in place which, as we understand it, was to be done by the defendant. There was, therefore, no work to be done at Darby but simply the furnishing of the machinery, as stipulated in the proposal of Lovegrove & Company. Under these circumstances, the real question in the case was, did Lovegrove & Company comply with their contract in furnishing the engine and boiler "complete, with all fixtures; also the cast iron sub-base making the engine self-contained?" There was much testimony in regard to this subject on both sides. It was fairly left to the jury by the trial judge in the court below, to whose charge there does not seem to have been any exception.

As to the sixth specification of error, which relates to the offer of testimony by the defendant in surrebuttal, it is perhaps enough to say that this was within the discretion of the court. Inasmuch as it appeared that the plaintiff's witnesses had been discharged and no notice of the offer in surrebuttal had been given to the plaintiff, the court was justified in refusing to receive the testimony. So far as the record shows, although an exception seems to have been asked by the defendant, none was allowed.

This leaves us to consider only the answers to the defendant's points. These points were based upon a misconception of the contract, as sought to be modified by the so-called conditional acceptance. It is very clear from the contract of the sale of the machinery that Lovegrove & Company had nothing whatever to do with the setting up of the machinery or with any work to be done at Darby. The condition attempted to be attached to the acceptance the day after it was made seems to have been entirely misconceived. As the testimony shows,

the engine had been delivered and inspected by the defendant and a reduction of $25.00 made in the price thereof. Lovegrove & Company were not, under their contract, responsible for the setting up of the engine and boiler. The signifiance of the points of the defendant, therefore, is not apparent and, so far as we can read them in the light of the facts, seem to have been properly declined.

The case was purely one of fact which centered around the condition of the boiler and engine when delivered. This was fairly submitted to the jury in an impartial charge and their verdict we think should not be disturbed. Judgment affirmed.